# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STREETDELIVERY.COM, INC., ) | RECEIPT # 46069 |
| ) | AMOUNT $ 150.00 |
| PLAINTIFF, ) | SUMMONS ISSUED NO |
| ) | LOCAL RULE 4.1 _____ |
| V. ) | WAIVER FORM _____ |
| ) | MCF ISSUED _____ |
| PAUL CEGLIA and US DATA ) | BY DPTY. CLK. Kim Abreu |
| BASICS, INC., ) | DATE 3-31-03 |
| ) |  |
| DEFENDANT. ) |  |

CIVIL ACTION NO.

# 03-10590 DPW

MAGISTRATE JUDGE Collings

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Paul Ceglia and US Data Basics, Inc. ("US Data Basics") hereby give notice of removal of this action from the Essex Superior Court of the Commonwealth of Massachusetts to the United Stats District Court for the District of Massachusetts, Eastern Division. Mr. Ceglia and US Data Basics state the following grounds for removal:

1. This action is presently pending in the Essex Superior Court for the Commonwealth of Massachusetts under the caption *StreetDelivery.com, Inc. v. Paul Ceglia and US Data Basics, Inc.*, Civil Action No. 03-0402-C, and was filed on or about February 27, 2003.

2. Defendants Ceglia and US Data Basics are the only defendants in that action.

3. This action is one in which the United States District Courts are given original – and, indeed, exclusive – jurisdiction by virtue of 28 U.S.C. §§ 1331 and 1338 because the claims arise under, and are completely preempted by, the Copyright Act, 17 U.S.C. §§ 101, et seq.

B1248139.1





4. Plaintiff Streetdelivery.com, Inc.'s ("Streetdelivery") Complaint and Demand for Jury Trial asserts claims for a declaratory judgment, breach of contract, tortious interference with advantageous business relations, unjust enrichment, fraud, promissory estoppel, breach of the implied covenant of good faith and fair dealing, specific performance, and violation of G.L. c. 93A.

5. Streetdelivery's claims relate to photographs, which are copyrightable subject matter under 17 U.S.C. § 102(a). Streetdelivery seeks a declaration that Streetdelivery has the right to engage in acts reserved exclusively to the copyright owner under 17 U.S.C. § 106 – in short, a declaration of noninfringement. That count and the other counts also require interpretation and application of 17 U.S.C. §§ 101, 201(b), and 204(a) insofar as Streetdelivery claims a right to ownership of the photographs at issue due to a purported oral work made for hire agreement.

6. Under 17 U.S.C. § 301(a), all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright are governed exclusively by 17 U.S.C. §§ 101, et seq., and all state laws granting any rights or equivalent rights are preempted.

7. Under 28 U.S.C. § 1338, federal district courts have "original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." Furthermore, "[s]uch jurisdiction shall be exclusive of the courts of the states in . . . copyright cases." 28 U.S.C. § 1338.

8. In addition, as an independent ground of removal, this action is one in which the United States District Courts are given original jurisdiction by virtue of 28 U.S.C. § 1332 because the action is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. Streetdelivery is a Massachusetts corporation located in Massachusetts.

10. Mr. Ceglia is a New York resident.

11. US Data Basics is a New York corporation located in New York.

12. Accordingly, this action is between citizens of different states within the meaning of 28 U.S.C. § 1332(a)(1).

13. The amount in controversy exceeds $75,000 exclusive of interest and costs. Streetdelivery's Complaint and Demand for Jury Trial does not allege a specific total of damages sought. However, Streetdelivery claims an ownership interest in photographs supplied to him by Mr. Ceglia and US Data Basics, and Streetdelivery claims not to have received the benefit of the bargain for a $15,000 payment and seeks treble damages and attorneys' fees pursuant to G.L. c. 93A from each of Mr. Ceglia and US Data Basics. Furthermore, insofar as Streetdelivery seeks a declaration of noninfringement by virtue of Streetdelivery's use of Mr. Ceglia's and US Data Basics' photographs, the declaration seeks to avoid the damages available under 17 U.S.C. §§ 504 and 505, which include actual damages and profits or an election of statutory damages, which in the case of nonwillful infringement may amount to $30,000 per work infringed and in the case of willful infringement may amount to $150,000 per work infringed, as well as attorneys' fees.

14. Counsel for Mr. Ceglia and US Data Basics were first given notice of Streetdelivery's Complaint and Demand for Jury Trial on March 3, 2003. Process has not yet been formally served. Accordingly, this removal is timely.

15. Immediately upon filing this Notice of Removal, defendants Ceglia and US Data Basics will file a copy of the Notice with the Clerk of the Essex Superior Court for the

Commonwealth of Massachusetts, and also will provide written notice to counsel for Streetdelivery, all in accordance with 28 U.S.C. § 1446(d).

16. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served and otherwise received by defendants Ceglia and US Data Basics are attached as Exhibit A.

17. Under the applicable provisions of 28 U.S.C. § 1441, all of which defendants Celgia and US Data Basics have complied with, this cause of action is removable to the United States District Court for the District of Massachusetts.

WHEREFORE, defendants Paul Ceglia and US Data Basics, Inc. hereby give notice of the removal to this Court of the above-referenced action now pending in the Essex Superior Court for the Commonwealth of Massachusetts.

PAUL CEGLIA AND US DATA BASICS, INC.

By its attorneys,

*[signature]*

Mark D. Robins (BBO# 559933)
NIXON PEABODY LLP
101 Federal Street
Boston, MA  02110
(617) 345-1000

Of counsel:

James D. Kole
NIXON PEABODY LLP
Clinton Square
P.O. Box 31051
Rochester, New York  14603-1051
(585) 263-1000

Dated: March 31, 2003

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
DEPARTMENT OF
THE TRIAL COURT
CIVIL ACTION NO:

C 3-0402

DATE: 2/27/03
ORIGINAL FILED IN ESSEX SUPERIOR COURT

STREETDELIVERY.COM, INC.,
Plaintiff,

v.

PAUL CEGLIA and US DATA BASICS, INC.,
Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. PARTIES

1. Plaintiff, Streetdelivery.com, Inc. ("Streetdelivery"), is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with a place of business at 5 Market Square, Amesbury, MA 01913.

2. Defendant, Paul Ceglia ("Ceglia"), is, upon information and belief, an individual whose current address is unknown, but whose last and usual place of abode is in or about Wellsville, New York.

3. Defendant, US Data Basics, Inc. ("USDB"), is, upon information and belief, a corporation organized under the laws of New York, founded and controlled by Ceglia, and having a principal place of business at 2562 Hanover Hill, Wellsville, New York 14895. Ceglia and USDB are referred to collectively herein as "Defendants."

1

## II. FACTS COMMON TO ALL COUNTS

4. Streetdelivery is in the business of building and maintaining a database of photographs of street intersections throughout various states including, without limitation, street intersections in Massachusetts.

5. Streetdelivery sells internet access to these databases to companies handling or investigating motor vehicle accidents. For a fee, a company can obtain photographs from this database of areas relevant to accident investigations.

6. In order to build its photographic database, Streetdelivery contracts with photographers who are assigned the task of photographing particular intersections as directed by Steetdelivery. These photographs are then labeled, electronically installed and organized in the database for access by Streetdelivery's subscribers.

7. In or about August, 2001, Streetdelivery first entered into an agreement with Ceglia for Ceglia to photograph various New England intersections.

8. At first Ceglia was directed to photograph intersections in Connecticut. His work later expanded to encompass, among other tasks, photographing in Massachusetts, including the majority of intersections in Martha's Vineyard, Massachusetts.

9. On or about June 5, 2002, Ceglia formed USDB. Since its formation, Ceglia has requested that USDB be considered the vendor for at least some of the services being provided by Ceglia to Streetdelivery.

10. At all times material hereto, Ceglia agreed to be paid, and was paid, on a per picture basis by Streetdelivery for his work, the current amount being $1.00 per picture that is actually uploaded into the Streetdelivery database. For suitable uploading

2

of the picture to occur, Ceglia was to properly label the photograph as directed by Streetdelivery.

11. Recently, Streetdelivery requested Defendants to enter into a written independent contractor agreement to confirm, among other things, Streetdelivery's ownership of all rights to the photographs taken by Defendants.

12. As the parties discussed such an arrangement, Ceglia began making increasing and unsupported compensation demands upon Streetdelivery.

13. In or about February, 2003, Ceglia and USDB agreed to execute a written independent contractor agreement with Streetdelivery in return for Streetdelivery's agreement to pay $15,000 to Ceglia. Although Streetdelivery made the $15,000 payment to Ceglia, which Defendants accepted, Defendants subsequently refused to execute the written independent contractor agreement, and instead, demanded additional unsupported compensation.

14. Ceglia has now threatened to contact Streetdelivery's investors and potential investors to cause harm to Streetdelivery.

15. Upon information and belief, Ceglia has within the last week contacted at least one of Streetdelivery's current investors and one of Streetdelivery's vendors in an effort to harm those individuals' relationship with Streetdelivery.

### COUNT I
### (DECLARATORY JUDGMENT REGARDING USE OF PHOTOGRAPHS PAID FOR BY STREETDELIVERY)

16. Streetdelivery re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 15 as if fully set forth herein in their entirety.

3

17. There is presently an actual controversy between the parties regarding Streetdelivery's continued use of photographs taken by Ceglia and/or USDB, for which payment has previously been made by Streetdelivery.

18. Streetdelivery is entitled to a declaration that it may freely continue to use the photographs taken by Ceglia and/or USDB, for which payment has previously been made by Streetdelivery.

## COUNT II
## (BREACH OF CONTRACT)

19. Streetdelivery re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 18 as if fully set forth herein in their entirety.

20. Streetdelivery and Ceglia entered into an agreement whereby Ceglia provided photographs to Streetdelivery, in consideration of $1.00 per photograph, that was properly uploaded into the Streetdelivery database.

21. At all times material hereto, Streetdelivery performed in accordance with the terms and conditions of the agreement.

22. Upon information and belief, Defendants breached the agreement by failing to provide all photographs for which they were paid by Streetdelivery.

23. As a direct and proximate result of Defendants' breach of contract, Streetdelivery has suffered damages.

## COUNT III
### (BREACH OF CONTRACT)

24. Streetdelivery re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 23 as if fully set forth herein in their entirety.

25. Streetdelivery and Ceglia entered into an agreement whereby Defendants agreed to execute a written independent contractor agreement in return for Streetdelivery's payment of $15,000.

26. At all times material hereto, Streetdelivery performed in accordance with the terms and conditions of the agreement.

27. Streetdelivery paid $15,000 to Ceglia, who accepted the same from Streetdelivery.

28. Upon information and belief, Defendants breached the agreement by failing to execute the agreement.

29. As a direct and proximate result of Defendants' breach of contract, Streetdelivery has suffered damages.

## COUNT IV
### (TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS)

30. Streetdelivery re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 29 as if fully set forth herein in their entirety.

31. At all times material hereto, Streetdelivery has had, and continues to have, business relationships and/or contemplated contracts of economic benefits with investors and vendors.

32. Upon information and belief, Defendants know of Streetdelivery's business relationships and/or contemplated contracts of economic benefits with one or more of Streetdelivery's investors and vendors.

33. Upon information and belief, Defendants have intentionally and wrongfully interfered with one or more such business relationships and/or contemplated contracts of economic benefits between Streetdelivery and its investors and vendors.

34. Upon information and belief, as a direct and proximate result of such tortious interference by Defendants, Streetdelivery has suffered damages.

## COUNT V
## (UNJUST ENRICHMENT)

35. Streetdelivery re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 34 as if fully set forth herein in their entirety.

36. Streetdelivery paid $15,000 to Ceglia with the understanding that such payment was made for Defendants' execution of the written independent contractor agreement with Streetdelivery.

37. By receiving such funds from Streetdelivery, and accepting them, and failing to execute the written independent contractor agreement with Streetdelivery, Defendants have been unjustly enriched.

38. As a direct and proximate result of Defendants' unjust enrichment, Streetdelivery has suffered damages.

## COUNT VI
## (FRAUD)

39. Streetdelivery re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 38 as if fully set forth herein in their entirety.

40. Ceglia misrepresented his stated intention of executing, on behalf of Defendants, an agreed independent contractor agreement upon receipt of payment from Streetdelivery.

41. Streetdelivery reasonably relied to its detriment upon the Defendants' misrepresentations, and, upon information and belief, Defendants knew or had reason to know of the falsity of said misrepresentations and intended that Streetdelivery rely upon the same.

42. As a direct and proximate result of Defendants' fraudulent conduct, Streetdelivery has suffered damages.

## COUNT VII
## (PROMISSORY ESTOPPEL)

43. Streetdelivery re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 42 as if fully set forth herein in their entirety.

44. Defendants promised to execute an independent contractor agreement with Streetdelivery, with the reasonable expectation to induce Streetdelivery to compensate Ceglia for the execution of such an agreement.

45. Such promises by Defendants did, in fact, induce Streetdelivery to pay such compensation.

46. As a direct and proximate result of Defendants' actions, they are estopped from denying the enforceability of the written independent contractor agreement.

## COUNT VIII
## (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

47. Streetdelivery re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 46 as if fully set forth herein in their entirety.

48. Implied in every agreement is a covenant of good faith and fair dealing.

49. Based upon Defendants' conduct, as described herein, Defendants breached the covenant of good faith and fair dealing in each of the contracts.

50. As a direct and proximate result of Defendants' breaches of the covenant of good faith and fair dealing, Streetdelivery has suffered damages.

## COUNT IX
## (SPECIFIC PERFORMANCE)

51. Streetdelivery re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 50 as if fully set forth herein in their entirety.

52. The parties agreed to the essential terms of an independent contractor agreement, and Streetdelivery performed in accordance with the terms and conditions therewith.

53. Notwithstanding Streetdelivery's performance, Defendants have failed and refused to comply with the agreement.

54. Accordingly, Streetdelivery is entitled to an order of specific performance of the parties' agreement that requires Defendants to execute the agreed-upon independent contractor agreement.

## COUNT X
### (VIOLATION OF M.G.L. CHAPTER 93A, §§ 2 & 11)

55. Streetdelivery re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 54 as if fully set forth herein in their entirety.

56. At all times material hereto, the parties were engaged in trade or commerce as those terms are defined under M.G.L. c. 93A.

57. The acts and/or omissions of Defendants, as set forth above, constitute unfair and/or deceptive acts or practices proscribed by M.G.L. c. 93A, §§ 2 & 11.

58. Upon information and belief, Streetdelivery alleges that Defendants' unfair and/or deceptive acts or practices were done knowingly and/or willfully.

59. Furthermore, Defendants' unfair and/or deceptive acts or practices occurred primarily and substantially within the Commonwealth of Massachusetts.

60. As a direct and proximate result of Defendants' unfair and/or deceptive acts or practices, Streetdelivery has suffered damages. As a result of the defendant's violations of G.L. c. 93A, Streetdelivery is entitled to three times its actual damages plus interest, costs, expert fees and reasonable attorney's fees.

## DEMAND FOR JURY TRIAL

Streetdelivery respectfully requests a trial by jury on all issues and claims so triable.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, Streetdelivery.com, Inc., respectfully requests that this Honorable Court:

1. Enter judgment on Count I of this Complaint in favor of Streetdelivery and declare that Streetdelivery may freely continue to use the photographs taken by Ceglia and/or USDB, for which payment has previously been made by Streetdelivery;

2. Enter judgment on Counts II through VIII of this Complaint in favor of Streetdelivery and against Defendants, jointly and severally, and award damages to Streetdelivery in an amount to be determined at trial;

3. Enter a finding under Count VII of this Complaint that the Defendants are estopped from denying the enforceability of the written independent contractor agreement;

4. Enter judgment on Count IX in favor of Streetdelivery and against Defendants, and issue an order of specific performance of the parties' agreement;

5. Enter judgment on Count X of this Complaint in favor of Streetdelivery and against Defendants, jointly and severally, for three times the amount of Streetdelivery's actual damages, plus interest, reasonable attorney's fees, and costs, including, without limitation, expert fees, to Streetdelivery; and

6. Grant such other and further relief to Streetdelivery as justice may require.

                      The Plaintiff,
                      STREETDELIVERY.COM, INC.,
                      By its attorneys,

                      _____
                      Kerry T. Ryan (BBO# 632615)
                      Kenneth J. Rossetti (BBO# 637135)
                      Tarlow, Breed, Hart, Murphy
                            & Rodgers, P.C.
                      21 Custom House Street
                      Boston, MA 02110
                      (617) 218-2000

Dated: February 26, 2003

03/03/2003 18:55 FAX 617 261 7675    Case 1:03-cv-10599-DPW    Document 1    Filed 03/31/03    Page 15 of 18    ☐014

| CIVIL ACTION COVER SHEET | 3-0402 | Trial Court of Massachusetts Superior Court Department County: ESSEX |
|---|---|---|

**PLAINTIFF(S)**
STREETDELIVERY.COM, Inc.

**DEFENDANT(S)**
PAUL CEGLIA; U.S. DATA BASICS, INC.

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Kenneth J. Rossetti, Esq.
Tarlow, Breed, Hart, Murphy & Rodgers, P.C.
21 Custom House Street, Boston, MA 02110
Board of Bar Overseers number: 67135

**ATTORNEY (if known)**
N/A

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | Declaratory Judgment | (A) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $........
2. Total Doctor expenses ................................................. $........
3. Total chiropractic expenses ........................................... $........
4. Total physical therapy expenses ...................................... $........
5. Total other expenses (describe) ...................................... $........
   Subtotal $........
B. Documented lost wages and compensation to date .................. $........
C. Documented property damages to date .............................. $........
D. Reasonably anticipated future medical and hospital expenses ..... $........
E. Reasonably anticipated lost wages .................................. $........
F. Other documented items of damages (describe)
   $........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Plaintiff asserts a claim for Fraud and Tortious Interference with Advantageous Relations against defendants. The extent of plaintiff's damages are undetermined at this time.
   $........
   TOTAL $........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Plaintiff seeks a Declaration that it is entitled to use the continued use of photographs for which payment has previously been made to defendants. Plaintiff also seeks damages for breaches of contract. The extent of plaintiff's damages are undetermined at this time. Plaintiff also seeks treble damages, costs and attorney's fees under Chapter 93A.

TOTAL $........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ K_B_____    DATE: 3/26/03

OTC-6 mic005-11/99
O.S.C. 1-2000

# CIVIL COVER SHEET

03-10590 DPW

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Streetdelivery.com, Inc.

### DEFENDANTS

Paul Ceglia and
US Data Basics, Inc.

**(b) County of Residence of First Listed Plaintiff** Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c) Attorney's (Firm Name, Address, and Telephone Number)**
Kerry T. Ryan (BBO# 632615)
Tarlow, Breed, Hart, Murphy & Rogers, P.C.
21 Custom House
Boston, MA  02110

Attorneys (If Known)
Mark D. Robins (BBO# 559933)
Nixon Peabody LLP
101 Federal Street
Boston, MA  02110

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
The state court action being removed seeks a declaration of noninfringement and ownership of copyrights and includes contract and related claims asserting ownership of copyrights.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 3/31/03

SIGNATURE OF ATTORNEY OF RECORD
/s/ Mark D. Robins

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  Streetdelivery.com, Inc. v. Paul Ceglia

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

    **03-10590DPW**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                                YES          (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                                                                YES          (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                                YES           NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                                YES          (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                               (YES)          NO

    A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        (EASTERN DIVISION)          CENTRAL DIVISION          WESTERN DIVISION

    B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION            CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Mark D. Robins
ADDRESS          Nixon Peabody LLP, 101 Federal Street, Boston, MA  02110
TELEPHONE NO.    (617) 345-6176

(Cover sheet local.wpd - 11/27/00)